**PACIFIC CONSTRUCTION CO. et al., Plaintiffs,**

v.

**James B. BRANCH, acting Administrator, et al., Defendants.**

Civ. No. 76–044.

District Court of Guam.

Oct. 26, 1976.

John L. Avery, Agana, Guam (Brooks & Klitzkie, P. C., Agana, Guam), for plaintiffs.

Herman L. Skipper, Government of Guam, Agana, Guam, for defendants.

## MEMORANDUM OPINION

DUENAS, District Judge.

This is an action for injunctive and declaratory relief. Jurisdiction rests under 28 U.S.C., Sec. 1331. The plaintiff is seeking to restrain the defendant, Guam Environmental Protection Agency, its Acting Administrator, and the Chairperson of its Board of Directors from enforcing Regulations on Import Procedures for Pesticides and Devices approved by the Board of Directors on March 29, 1976.

Plaintiff contends that defendants are prohibited from adopting such import regulations by the Commerce Clause of the United States Constitution, Art. 1, § 8, Cl. 3, the Import Clause of the United States Constitution, Art. 1, § 10, Cl. 2, the Federal Insecticide, Fungicide, and Rodenticide Act, as amended, 7 U.S.C., § 136 et seq., and § 57124(b) of the Government Code of Guam.

In granting plaintiff's prayer for a permanent injunction and a declaratory judgment, the Court issues the injunction based upon plaintiff's Third Count, namely, that the defendants are prohibited from promulgating such import regulations by

the Federal Insecticide, Fungicide, and Rodenticide Act, as amended.

The Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C., § 136v limits the authority of the states to legislate in this area to only certain limited matters. The Act is applicable to Guam and Guam is included within the definition of the term "State", 7 U.S.C., § 136(aa). The Defendants contend that the authority to promulgate these regulations is derived from Executive Order No. 75–29, issued by the Governor of Guam on July 3, 1975, and from the Federal Act. However, 7 U.S.C., § 136v does not grant to the states the power to limit and inspect pesticides imported into the state from a foreign country let alone those imported from another state.

7 U.S.C., § 136o(c) delegates the power to control imports to the Secretary of the Treasury. If the Territory of Guam desires to undertake this responsibility, it must do so under the provisions of § 136t and § 136u. The authority to act in this matter has not been granted by either the Administrator of the Environmental Protection Agency or the Secretary of the Treasury. If the Territory of Guam desires to enforce the Federal Insecticide, Fungicide, and Rodenticide Act, it must do so within the confines of that Act.

Let judgment issue.